UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARTIN G. PLOTKIN,

    Plaintiff,

-vs-                                      Case No. 5:08-cv-252-Oc-10GRJ

UNITED STATES OF AMERICA, RHONDA
S. PATRICK, LEONARD R. BUSSMANN,
LEWIS C. LEEKER, KEN KIBORT, LYNDA
McADON, THOMAS E. SANDERS,

    Defendants.
_____

## ORDER OF DISMISSAL

Plaintiff Martin G. Plotkin, proceeding *pro se*, has filed a three (3) count Complaint against the United States of America, five Internal Revenue Service officers, and a United States Probation Officer alleging violations of his constitutional rights and various provisions of the Internal Revenue Code (Doc. 1).

The case is now before the Court for consideration of the Defendants' motions to dismiss (Docs. 13, 19), to which Mr. Plotkin has filed responses in opposition (Doc. 16, 20).[1] Upon due consideration, and for the reasons set forth below, the Court finds that the motions are due to be granted and that this case is due to be dismissed in its entirety.

---

[1] Defendant Thomas E. Sander's motion to dismiss is also filed as a motion for summary judgment (Doc. 13). On December 12, 2008 the Clerk issued a "Summary Judgment Notice" to Mr. Plotkin notifying him that a response to Mr. Sander's motion must be filed within fourteen (14) days, and advising Mr. Plotkin that all material facts asserted in the motion would be considered admitted unless controverted by proper evidentiary materials (Doc. 15). Mr. Plotkin filed a response in opposition, attaching an affidavit and numerous exhibits in support (Doc. 16).

**Statement of Facts**

On February 25, 1999, Plaintiff Martin G. Plotkin was charged by indictment in the Eastern District of Missouri with three (3) counts of filing a false income tax return in violation of 26 U.S.C. § 7206(1). See United States v. Martin, Case No. 4:99CR84 CDP (E.D. Mo.). The Defendant was found guilty by the court of all three counts and was sentenced to a term of probation of five (5) years. Judgment was entered on May 10, 2001. As a special condition of probation the Judgment stated that:

> "The Defendant shall file all correct tax returns and forms required by the income tax laws of the United States, pay any taxes owed and, as requested by the United States Probation Office, provide copies of all filed tax forms."

(Doc. 19-2).[2]

Shortly after his sentencing, Mr. Plotkin relocated his residence to Umatilla, Florida, within the Middle District of Florida. On July 12, 2001, the Eastern District of Missouri transferred jurisdiction to this Court pursuant to 18 U.S.C. § 3605. See United States v. Plotkin, Case No. 5:01-cr-23-WTH-GRJ-1.

On December 6, 2005, approximately five (5) months before his probation was scheduled to expire, Defendant United States Probation Officer Thomas E. Sanders filed a petition for revocation of Mr. Plotkin's probation, alleging that Mr. Plotkin violated his special condition of probation in that "Between May 10, 2001 and April 15, 2005 the

---

[2]The Court may take judicial notice of Mr. Plotkin's indictment and judgment of conviction in his criminal case – all matters of public record – without converting the Defendants' motions into motions for summary judgment. See Horne v. Potter, 392 Fed. Appx. 800, 802 (11th Cir. Aug. 16, 2010); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999); Fed. R. Evid. 201(b).

Defendant failed to file his tax returns and pay his taxes as ordered by the Court on May 10, 2001." (Doc. 13-6). This Court conducted two hearings on the petition, and ultimately determined on July 20, 2006 that jurisdiction should be returned to the Eastern District of Missouri for disposition (Doc. 13-13). The case was so transferred, and on December 9, 2006, the Hon. Catherine D. Perry, United States District Judge, dismissed the petition and released Mr. Plotkin from probation (Doc. 13-14).

Mr. Plotkin filed the present case approximately 18 months later. In Count I of his Complaint, Mr. Plotkin alleges that the six individual Defendants (the IRS agents involved in his criminal trial and probation proceedings and the probation officer who attempted to revoke his probation) engaged in a conspiracy against him spanning more than a decade to: (1) indict Mr. Plotkin for violations of 26 U.S.C. §7206(1); (2) ensure his conviction on all three offenses; (3) obtain a sentence of a term of probation of five (5) years; and (4) revoke Mr. Plotkin's probation shortly before it was due to expire, resulting in an extension of his probation period for an additional seven (7) months. In particular, Mr. Plotkin contends that the Defendants falsified evidence, submitted fraudulent pleadings to the courts, and perjured themselves at both his criminal trial and his probation revocation proceedings. As a result of this vast conspiracy, Mr. Plotkin claims that he was deprived of his liberty without due process of law in violation of the Fifth Amendment and seeks compensatory damages in the amount of $2,500,000 from each individual Defendant, as well as punitive damages (Doc. 1, Count I and pp. 18-19).

Mr. Plotkin further claims that the United States, through the IRS officers, wrongfully disclosed his personal tax information to the United States Probation Officer in violation of 26 U.S.C. § 7431, and seeks damages in the amount of $1,000,000 (Doc. 1, Count II). Lastly, he alleges that the IRS officers attempted to revoke his probation in an attempt to collect taxes not due and owing, in violation of 26 U.S.C. § 7433, and seeks damages in the amount of $1,000,000 (Doc. 1, Count III).

## **Standard of Review**

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968). For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences that might be drawn from such allegations. Jackson v. Okaloosa County, Fla., 21 F.3d 1532, 1534 (11th Cir.1994); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed R. Civ. P. 10(c); GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir.1993).

Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). However, "while notice pleading may not require that the pleader

allege a 'specific fact' to cover each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations omitted).

## Discussion

### I.      Count I - The Conspiracy Claim

Mr. Plotkin does not specify a legal basis for his claim that the Defendants conspired to deprive him of his Fifth Amendment liberty rights without due process of law.  Liberally construing his Complaint, the Court interprets Count I as a claim for civil liability under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999 (1971).  See Carlson v. Green, 446 U.S. 14, 18, 100 S.Ct. 1468, 1471 (1980) ("Bivens established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right.").  The Court further finds that this claim can be separated into two distinct parts:  (1) a conspiracy to ensure Mr. Plotkin's conviction and sentence to a term of five (5) years probation; (2) and a conspiracy to revoke Mr. Plotkin's probation resulting in a seven (7) month extension of that sentence.

The Defendants argue that the conspiracy claim should be dismissed because they are entitled to both absolute and qualified immunity.  The Court finds that absolute

immunity does not apply to any of the Defendants.[3]  See Calloway v. Bell, No. 605CV1569ORL18DAB, 2006 WL 1232826 (M.D. Fla. May 8, 2006); Heller v. Plave, 743 F. Supp. 1553 (S.D. Fla. 1990).  Instead, the Court finds that the portion of Count I related to Mr. Plotkin's original conviction and sentence is barred under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), and that the Defendants are entitled to qualified immunity as to the portion of Count I related to the 7-month extension of Mr. Plotkin's probation.[4]

A.   Heck v. Humphrey

A non-habeas civil action for monetary damages is barred by Heck if the direct or indirect effect of success on that action would necessarily call into the question the validity of the underlying conviction and sentence.  See Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S.Ct. 1242, 1248 (2005); Heck, 512 U.S. at 487, 114 S.Ct. at 2372; Harden v. Pataki, 320 F.3d 1289, 1295 (11th Cir 2003).  See also Abella v. Rubino, 63 F.3d 1063, 1065 (11th

---

[3] The IRS officers correctly argue that they are entitled to absolute immunity for their testimony at Mr. Plotkin's trial.  Briscoe v. LaHue, 460 U.S. 325, 336-342, 103 S.Ct. 1108, 1115-19 (1983); Fullman v. Graddick, 739 F.2d 553, 564 (11th Cir. 1984).  However, Mr. Plotkin's conspiracy claim encompasses the IRS officers' investigation of Mr. Plotkin and referral of his case to federal prosecutors.  Such acts are not entitled to absolute immunity.  Accord Cameron v. IRS, 773 F.2d 126, 128 (7th Cir. 1985).

[4] Although Mr. Plotkin does not specify in his Complaint, the Court interprets Count I as a claim against the individual Defendants in their individual capacity.  However, to the extent Count I can also be interpreted as a claim against these Defendants in their official capacity, it also is due to be dismissed.  Such an official capacity claim is actually a claim against the United States and is not cognizable.  The doctrine of sovereign immunity protects the United States from suit absent waiver, United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769 (1941), and the United States has not waived its sovereign immunity from liability for an award of damages arising from alleged violations of the Constitution.  FDIC v. Meyer, 510 U.S. 471, 485-86, 114 S.Ct. 996, 1005-06 (1994).

Cir. 1995) (holding that Heck applies to Bivens actions by federal prisoners). If the civil action would so impact the validity of the conviction and sentence, the court must dismiss the claim unless the plaintiff can show that the conviction and sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487, 114 S.Ct. at 2372. "A plaintiff seeking relief based on the premise that he 'was the victim of an unconstitutional conspiracy to falsely convict him' is merely attempting to overturn his conviction and is barred by Heck from proceeding." Pugh v. Smith, 333 Fed. Appx. 478, 480 (11th Cir. June 24, 2009) (quoting Abella, 63 F.3d at 1064, 1065-66).

Taking the allegations of the Complaint in the light most favorable to Mr. Plotkin, it is clear that a large portion of Count I is an attempt to challenge his conviction and sentence. He alleges a vast conspiracy to falsify evidence, suborn perjury, and to submit a fraudulent indictment and other documentation leading up to his May 10, 2001 conviction and judgment. To allow this claim to go forward, the Court would be faced with analyzing the veracity of the underlying evidence and facts which support Mr. Plotkin's conviction and sentence and, in turn, would necessarily be adjudicating the legality of that conviction and sentence. Moreover, Mr. Plotkin does not allege that his conviction or sentence have been overturned on appeal, expunged, or otherwise declared invalid. Thus, to the extent Count I is based on Mr. Plotkin's sentence and the May 10, 2001 judgment of conviction, that claim is Heck-barred and must be dismissed.

B.   Qualified Immunity

The remaining portion of Count I relates to the probation revocation proceedings in 2005 and 2006. The Defendants are entitled to qualified immunity on this portion of Count I as the law was not clearly established in 2005 and 2006 that the probation proceedings were unconstitutional.

"Qualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." Lee v. Ferraro, 284 F.3d 1188, 1193-94 (11th Cir. 2002). The purpose of qualified immunity is to allow officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, Anderson v. Creighton, 483 U.S. 635, 638-39, 107 S.Ct. 3034, 3038 (1987), "protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." Lee, 284 F.3d at 1194 (internal citation and quotation marks omitted).

"[T]o receive qualified immunity, an official must first establish that 'he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.'" McCullough v. Antolini, 559 F.3d 1201, 1205 (11th Cir. 2009) (quoting Lee, 284 F.3d at 1194). "If the official was acting within the scope of his discretionary authority the burden then shifts to the plaintiff to show that the grant of qualified immunity is inappropriate." Id.

As the Supreme Court recently reaffirmed in Pearson v. Callahan, ___ U.S.___, 129 S.Ct. 808 (2009), a court must grant qualified immunity to a government official unless the plaintiff can show: (1) that the facts viewed in the light most favorable to the plaintiff

establish a constitutional violation by the officer; and (2) that the unlawfulness of the defendant's actions was "clearly established" at the time of the incident. See id. at 815-16, 818. This inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." Lee, 284 F.3d at 1194 (internal citation and quotation marks omitted).  Under Pearson, courts are now "permitted to exercise [their] sound discretion" to decide which prong of this inquiry to address first. Pearson, 129 S.Ct. at 818.

It is clear that the IRS officers and Probation Officer Sanders were acting within the scope of their discretionary authority with respect to the investigation and filing of the petition to revoke Mr. Plotkin's probation in December 2005.[5]  Assuming for the purposes of this motion that Mr. Plotkin has asserted a violation of his Fifth Amendment liberty rights, the Court finds that the individual Defendants are all entitled to qualified immunity because the unconstitutionality of their actions was not clearly established at the time the probation petition was filed and litigated.

As this Court stated in its order of transfer on July 20, 2006, the original judgment of conviction from the Eastern District of Missouri entered on May 10, 2001, which set the terms of Mr. Plotkin's probation, is subject to differing interpretations. (Doc. 13-13). On the one hand, it could be interpreted to mean that Mr. Plotkin was required, as a special

---

[5]Mr. Plotkin argues that the Defendants were not acting within their discretionary authority because they acted "in an knowingly unlawful manner." (Doc. 16, p. 14). However, as alleged in the Complaint, the Defendants investigated Mr. Plotkin's payment of federal income taxes, filed a petition for revocation of probation, and presented evidence in court concerning the allegations of the petition. These acts clearly were within each Defendants' discretionary authority and scope of employment.

9

condition of probation, to satisfy his tax obligations for the tax years 1991-1993, the years involved in the original prosecution. Alternatively, the special condition of probation could be interpreted to mean that Mr. Plotkin was only required to satisfy his tax obligations for future years starting with the date of his probation. The judgment of conviction could further be interpreted to require Mr. Plotkin to satisfy his tax obligations for all years from 1991 to date. This Court conducted two hearings on this matter, and could not reconcile these differing interpretations. Rather, the Court concluded that "under the peculiar circumstances of this case," jurisdiction of the revocation proceedings should be returned to the Eastern District of Missouri – the court best suited to interpret and apply the judgment.

If after two hearings and the submission of multiple briefs by both the United States and Mr. Plotkin, this Court was unable to determine whether Mr. Plotkin had violated the terms of his probation, no reasonable probation officer or IRS officer would understand that filing a petition to revoke his probation in 2005 and 2006 for failure to pay taxes for the 1991-1993 tax years violated Mr. Plotkin's clearly established constitutional rights. See Hartsfield v. Lemacks, 50 F.3d 950, 955 (11th Cir. 1995) ("[I]n light of preexisting law, the unlawfulness must be apparent.") (internal quotations omitted); Jordan v. Doe, 38 F.3d 1559, 1566 (11th Cir. 1994) ("To be clearly established, the contours of an asserted constitutional right must be sufficiently clear that a reasonable official would understand what he is doing violates that right.") (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039 (1987)).

Moreover, Mr. Plotkin has not cited to any decisions by the United States Supreme Court, the Eleventh Circuit Court of Appeals, the federal district courts within this Circuit, the Florida Supreme Court, the Missouri Supreme Court, or any state district court of appeal holding that the filing of a petition to revoke probation under similar circumstances is unlawful.  See Oliver v. Fiorino, 586 F.3d 898, 907 (11th Cir. 2009) ("In order to determine whether a right is clearly established, we look to the precedent of the Supreme Court of the United States, this Court's precedent, and the pertinent state's supreme court precedent, interpreting and applying the law in similar circumstances.").  See also Randall v. Scott, 610 F.3d 701, 715 (11th Cir. 2010) ("Since we are aware of no precedential case with similar facts to those described here, we conclude that [the Plaintiff's] rights were not clearly established under materially similar facts.").[6]

Accordingly, the Defendants are entitled to qualified immunity and Count I shall be dismissed in its entirety.

## II.    Count II - Violations of 26 U.S.C. § 7431

In Count II, Mr. Plotkin alleges that several of the IRS officers provided his tax return information for the tax years 1989 through 2004 to the United States Probation Office and Officer Sanders in violation of 26 U.S.C. § 7431.  That section provides, in relevant part:

---

[6]While the record does not establish the circumstances under which the Eastern District of Missouri ultimately dismissed the petition to revoke probation (Doc. 13-14), the Court is aware of a letter it received from the Hon. Catherine D. Perry, the sentencing judge in Mr. Plotkin's criminal trial, in which she stated "[i]t was always my intention that, as a condition of probation, Mr. Plotkin would correct the false returns and pay all the taxes that he illegally avoided by committing his crime, as well as file correct returns and pay taxes in the future."  (Doc. 13-12).

11

> If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7431(a)(1).

Section 6103 provides that "returns and return information shall be confidential" and may not be disclosed "except as authorized by this title." 26 U.S.C. § 6103(a). However, § 6103(h)(4)(A) authorizes disclosure of returns and return information "in a Federal or State judicial or administrative proceeding pertaining to tax administration," if "the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability." This is precisely the type of disclosure that is alleged to have taken place in this case – the IRS officers disclosed Mr. Plotkin's tax return information to the United States Probation Office and Officer Sanders. There is no dispute that Mr. Plotkin was a party both to his criminal case which resulted in his sentence of probation, and to his probation revocation proceedings. And there is nothing in the Complaint or in any of the court records relating to Mr. Plotkin's probation proceedings which would suggest that the disclosure of Mr. Plotkin's tax returns was for any purpose other than monitoring his probation and ensuring compliance with all conditions, including, in particular, the requirement that he file tax returns and pay his taxes.

Moreover, the Court agrees with the Defendants that this claim is due to be dismissed under the good faith exception set forth in 26 U.S.C. § 7431(b). Under that section, a taxpayer may not recover damages for any disclosure of tax return information

12

that "results from a good faith, but erroneous, interpretation of section 6103." 26 U.S.C. § 7431(b). In this Circuit, the good faith exception applies where "(1) the agent or agents who disclosed tax return information in violation of § 6103 followed the relevant agency regulations and/or manuals, and (2) the regulations and/or manuals followed by those agents constituted a reasonable interpretation of the law." Comyns v. United States, 155 F. Supp.2d 1344, 1350 (S.D. Fla. 2001), aff'd, 287 F.3d 1034 (11th Cir. 2002).

The disclosure of Mr. Plotkin's tax return information to Defendant Sanders was made in accordance with section 5.1.5.20 of the Internal Revenue Manual:

> IRC § 6103(h)(4) allows disclosure of returns and return information to a U.S. Probation Officer for the purposes of informing the court of any noncompliance during a defendant's probationary period under the following circumstances:
>
> Information on Return(s) must relate to a taxpayer convicted of a criminal tax violation.
>
> A U.S. Probation Officer must be charged with the responsibility of determining whether such taxpayer is complying with the terms of probation that relate to the Internal Revenue Laws.
>
> Information on return(s) are limited to those years specified in the conditions of probation issued by the court, or to the conviction years and those years for which the taxpayer is placed on probation.
>
> Disclosure of the returns and return information would not identify a confidential informant or seriously impair a civil or criminal tax investigation.
>
> Where compliance with IRS-related conditions of probation in a criminal tax case is at issue, information regarding the years specified in the conditions of probation may be disclosed by the Advisor directly to the probation officer. Information about other tax years generally may not be disclosed without the taxpayer's written consent unless the information is material for the court's

> consideration in revoking or extending probation or supervised release. If there are any questions as to whether the taxpayer was convicted of a criminal tax violation, request a copy of the Judgment and Commitment Order or other document from probation which clearly sets forth the conditions of probation and the offense(s) under which the taxpayer was convicted.

I.R.M. 5.1.5.20, available at: http://www.irs.gov/irm/part5/irm_05-001-005.html#d0e1116.[7]

It is clear both from the allegations of Mr. Plotkin's Complaint, and the court documents submitted, of which this Court may take judicial notice, that the disclosures of Mr. Plotkin's tax returns to the United States Probation Office (and Defendant Sanders in particular) were made in accordance with the dictates of the Internal Revenue Manual.[8] It is equally clear that section 5.1.5.20 of the Internal Revenue Manual constitutes a reasonable interpretation of the law with respect to § 6103. Although this appears to be a case of first impression, the Court is persuaded by Davidson v. Brady, 559 F. Supp. 456 (W.D. Mich. 1983), aff'd, 732 F.3d 552 (6th Cir. 1984), holding that the disclosure of tax return information in a sentencing memorandum filed in a criminal proceeding involving violations of § 7206(1) was authorized by § 6103(h)(4). If tax return information may be disclosed during the course of sentencing proceedings, it stands to reason that it may also

---

[7]In their motion, the Defendants identify section 5.1.5.18 of the Internal Revenue Manual (Doc. 19, pp. 16-17). That section was subsequently re-designated as 5.1.5.20, and is identical to the prior version.

[8]Mr. Plotkin contends that IRS Officers did not act in compliance with section 5.1.5.20 of the Internal Revenue Manual because the IRS officers disclosed his tax returns for years not covered by the special conditions of probation set forth in the judgment of conviction. However, as discussed above, the years governed by the special conditions of probation are capable of multiple interpretations, and, therefore, the Court cannot say that the IRS officers acted in bad faith in disclosing those returns.

be disclosed to enable the court to determine whether a violation of a condition of probation has occurred.

Count II shall be dismissed in its entirety.

### III.     Count III – Violations of 26 U.S.C. § 7433

In Count III, Mr. Plotkin appears to allege that the United States, through its IRS officers, used the revocation of probation proceedings as an attempt to collect unassessed federal income taxes from Mr. Plotkin, in violation of 26 U.S.C. § 7433. That section reads in relevant part:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433(a).

Mr. Plotkin's claim is due to be dismissed as it does not fall within the parameters of § 7433(a). The petition to revoke probation was filed by a United States Probation Officer, and litigated by an Assistant United States Attorney – neither of whom are officers or employees of the IRS. See Springer v. United States, 2009 WL 981856 at * 1 (N.D. Okla. April 10, 2009) ("The alleged actions of the Assistant United States Attorneys cannot confer subject matter jurisdiction to this court under § 7433 because they are not 'officer[s] or employee[s] of the Internal Revenue Service.'") (quoting § 7433(a)). The fact that the Assistant United States Attorney requested an order in the revocation proceedings that Mr.

Plotkin be required to satisfy his tax obligations is not a collection by an IRS agent under the Internal Revenue Code.[9]

Even if such a collection action did exist, Mr. Plotkin has failed to exhaust his administrative remedies as required by 26 U.S.C. § 7433(d)(1) and 26 C.F.R. § 301.7433-1(e). In particular, Mr. Plotkin was required to file a written claim with the Area Director, Attn: Compliance Technical Support Manager, for the area in which he currently resides setting forth his claim, the description of his injuries, and the dollar amount of his claim. See 26 C.F.R. § 301.7433-1(e). In the absence of such an administrative claim, Mr. Plotkin cannot go forward in this or any other federal district court. 26 C.F.R. § 301-7433-1(d).

While Mr. Plotkin states in his response (Doc. 20, p. 11) that he "has alleged exhaustion of all administrative remedies available to him" such an allegation is absent from his Complaint. Instead, he spends the bulk of his response challenging the validity of the administrative remedies regulation, and arguing that the regulation should not apply in this case (Id., pp. 9-11). Mr. Plotkin's failure to exhaust his administrative remedies also mandates dismissal of Count III.[10]

---

[9] The Court has been unable to find any decisions from any jurisdiction suggesting that criminal proceedings and/or proceedings relating to probation enforcement constitute "collection activities" for purposes of 26 U.S.C. § 7433. The waiver of sovereign immunity set forth in § 7433 must be construed narrowly, and in the absence of any legal authority in support, the Court declines to expand the waiver of immunity to permit a claim for damages in this case. See Allied/Royal Parking L.P. v. United States, 166 F.3d 1000, 1003 (9th Cir. 1999) ("[S]ection 7433's limited waiver to the government's sovereign immunity must be read narrowly.").

[10] While normally a dismissal for failure to allege exhaustion of administrative remedies would be a dismissal without prejudice, the Court finds that allowing amendment of this claim

(continued...)

**Conclusion**

Accordingly, upon due consideration it is hereby ORDERED that the Defendants' Motions to Dismiss (Docs. 13, 19) are both GRANTED.  The Clerk is directed to enter judgment dismissing this case with prejudice, terminate all pending motions, and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 24th day of March, 2011.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Martin G. Plotkin, *pro se*

---

[10](...continued)
would be futile because, as discussed above, Mr. Plotkin's claim is not cognizable under § 7433 in any event.